**ORAL ARGUMENT SCHEDULED FOR DECEMBER 6, 2018**

# United States Court of Appeals for the District of Columbia Circuit

### No. 18-5214

UNITED STATES OF AMERICA,
*Plaintiff-Appellant*,

v.

AT&T INC.; DIRECTV GROUP HOLDINGS, LLC;
AND TIME WARNER INC.,
*Defendants-Appellees*.

On Appeal from the
United States District Court for the District of Columbia,
No. 1:17-cv-2511 (Hon. Richard J. Leon)

### MOTION OF *AMICI CURIAE* 27 ANTITRUST SCHOLARS TO PARTICIPATE IN ORAL ARGUMENT

Mary Jean Moltenbrey
2328 Champlain Street NW
Washington, DC 20009
(202) 615-6599
mj.moltenbrey@gmail.com

Eric F. Citron
GOLDSTEIN & RUSSELL, P.C.
7475 Wisconsin Avenue
Suite 850
Bethesda, MD 20814
(202) 362-0636
ecitron@goldsteinrussell.com

*Counsel for Amici Curiae*

## SUMMARY OF MOTION

Argument in this case is scheduled for December 6, 2018. On November 20, 2018, the merits panel allotted 20 minutes to each side for oral argument. Amici 27 Antitrust Scholars respectfully move the Court to allocate 10 minutes of argument time for amici to participate in the argument. Amici believe that it would benefit the Court most to add 10 minutes of additional time to the argument for amici. In the alternative, because amici filed in support of neither party, the Court could allocate some portion of the time for amici from either or both of the parties' time.

Amici are advised that, although the government takes no position on allocating ten new minutes for amici to argue, the government does not oppose allocating five new minutes to amici, and the government would even (in the alternative) be willing to allocate up to five minutes from its own twenty-minute argument time for amici to argue. Defendants do oppose this motion, and both parties have reported that they are likely to file a written response.

## MOTION

Amici believe it would benefit the Court to hear from the academic community in this case, and for amici to be able to answer any questions the Court may have about the issues presented. Given the relatively sparse development of the precedent in cases involving vertical mergers in oligopoly markets, this case is likely to play a major role in the development of this area of law and the economic principles that law should embody. As explained in amici's brief, amici believe that the district court's analysis misunderstands key economic concepts that should animate the law on the antitrust issues presented here, and that if those misunderstandings are further reinforced by this appeal, it would pose a serious threat to the effective enforcement of the antitrust laws in the future.

Both parties have apparently acknowledged that the points laid out in the amici's briefing are important. For its part, the government has reported that it is unopposed to this motion. And, in their brief, the defendants attempt to both frame their position as consistent with amici's, *see* Appellees' Final Brief at 27, 31, and to drive a wedge between amici's position and the government's. *See id.* at 33. Amici filed in support of

neither party, however, and while they agree with the government that the district court did make essential errors in its opinion, amici's goal is to assist the Court's understanding of those issues rather than to see that either side prevails.

To that end, among other possible points of interest for the Court, amici are particularly likely to help the Court in understanding how Nash bargaining models should be applied to vertical mergers in oligopoly markets—and, in particular, the role of "feasibility" in understanding bargaining threats. *See, e.g.*, Appellees' Br. 31-33, Appellant's Reply 6-8. The parties have, understandably, focused attention on the district court's findings regarding how "feasible" a blackout threat was in this case, and whether those findings are supported by the facts in the record. But what matters to amici is not these particular record facts, but rather that the Court properly understand the limited ways in which the "feasibility" (or, more properly, credibility) of a threat matters at all. To that end, it is notable that many threats that are extremely important in properly understanding bargaining leverage and how it works also involve "catastrophic" or "massive" losses for the party making the threat if the breakdown in the bargaining parties' agreement occurs for a long

3

period, such that the adverse impact of the breakdown on the parties escalates over time. JA162-64 (Op. at 115-17 & n.34); *compare* Amici's Br. 20-23 (discussing examples including labor strikes and nuclear war). JA162-64 (Op. at 115-17 & n.34); *compare* Amici's Br. 20-23 (discussing examples including labor strikes and nuclear war). If the applicability and import of the Nash bargaining model for such situations is misunderstood in this Court, it would create long-term harm in the correct application of these principles to a host of future mergers.

Another example, which combines both legal and economic principles, is the appropriate weight given to testimony that parties do not or have not considered certain economic benefits to other corporate affiliates in evaluating bargaining outcomes. The parties, again understandably, focus on what proof was offered on how certain players in the relevant industry described their evaluation of bargaining positions. *See, e.g.*, Appellees Br. 26-30, Appellant's Reply 10-12. But what matters to amici is not who has the better of these facts, but when and whether an examination of such facts would "advance the goals of the antitrust laws" from the perspective of *Copperweld* and related case law. *See* Amici's Br. 25, 27 (discussing then-Judge Breyer's decision in *Caribe BMW*). Amici are

likely to help the Court to understand these more abstract and yet critical issues at argument, without the freight of the parties' particular factual disputes or ultimate outcome preferences.

Amici are well poised to assist the Court in understanding the underlying economic and legal principles that should help decide the antitrust issues presented here. The 27 scholars who joined together to file amici's brief include a large number of very accomplished law professors and antitrust economists, including the author of the leading antitrust treatise, multiple former chief economists for the Antitrust Division, Federal Trade Commission and Federal Communications Commission, a Nobel Prize winner, and many other leading authors and scholars who have written about the issues presented by vertical mergers in oligopoly markets. Their disinterested responses to the parties' arguments and the Court's questions are thus likely to benefit the Court.

This motion will not prejudice either party. However the Court might allocate oral argument time for amici, it could provide additional time if necessary for the defendants or the government to respond. As explained above, the government has reported that it is unopposed to this motion, and would not oppose allocating up to five minutes of its own

5

time for amici to argue. The defendants have reported that they oppose the motion, and will file a written response by Monday, November 26, 2018.

## CONCLUSION

For the foregoing reasons, amici respectfully request that the Court allocate 10 minutes of argument time to amici for oral argument.

                              Respectfully,

                              /s/ Eric F. Citron
                              Eric F. Citron

# ADDENDUM

## Identity of *Amici Curiae*

Jonathan B. Baker is Research Professor of Law at American University Washington College of Law. He previously served as Chief Economist of the Federal Communications Commission from 2009 to 2011, as the Director of the Bureau of Economics at the Federal Trade Commission from 1995 to 1998, and as a Senior Economist at the President's Council of Economic Advisors. He is the co-author of an antitrust casebook, and has published widely in the fields of antitrust law, policy and economics.

Michael A. Carrier is Distinguished Professor at Rutgers Law School where he specializes in antitrust and intellectual property law. He is co-author of the leading treatise on IP and antitrust and has written more than 100 articles and book chapters on these topics.

William S. Comanor is Professor of Economics Emeritus at the University of California, Santa Barbara, and Professor, UCLA Fielding School of Public Health. He previously served as Special Economic Assistant to the head of the Antitrust Division, US Department of Justice, 1965-66; and as Director of the Bureau of Economics at the Federal Trade Commission, 1978-80. He has published numerous articles on the law

and economics of vertical restraints, vertical mergers and exclusionary conduct.

Aaron S. Edlin is the Richard Jennings Professor of Law and Professor of Economics at UC Berkeley. He served as a Senior Economist at the President's Council of Economic Advisors. He is co-author of an antitrust casebook, with Philip Areeda and Louis Kaplow, and is author of numerous articles on antitrust law, antitrust economics, and other areas of economics and law in economics journals and law reviews.

Einer R. Elhauge is the Petrie Professor of Law at Harvard Law School, where he writes and teaches on Antitrust Law and Economics. Professor Elhauge is the author of U.S. Antitrust Law & Economics, co-author of Global Antitrust Law & Economics, co-author of Areeda, Elhauge & Hovenkamp, Vol X, Antitrust Law, editor of the Research Handbook on the Economics of Antitrust Law, and the author of articles on antitrust law and economics.

Harry First is Charles L. Denison Professor of Law at New York University School of Law and Co-Director of the law school's Competition, Innovation, and Information Law Program. From 1999-2001 he served as Chief of the Antitrust Bureau of the Office of the Attorney General of

the State of New York. He is a co-author of an antitrust casebook and has published widely on antitrust law and policy.

Eleanor M. Fox is the Walter J. Derenberg Professor of Trade Regulation at New York University School of Law. She is author of an antitrust casebook and has published widely on antitrust law and policy, including mergers and exclusionary restraints.

Martin Gaynor is the E.J. Barone University Professor of Economics and Public Policy at Carnegie Mellon University. He served as Director of the Bureau of Economics at the Federal Trade Commission from 2013 to 2014. He has testified before Congress, and has advised the governments of the United Kingdom, the Netherlands, and South Africa on competition issues. Professor Gaynor also has published widely in economics, policy, and antitrust.

Joseph Harrington is the Patrick T. Harker Professor at The Wharton School of the University of Pennsylvania. He has published widely on antitrust economics and is a co-author of the leading textbook, Economics of Regulation and Antitrust (5th ed.). He is a past President of the Industrial Organization Society and has been on the editorial boards of the leading journals in industrial organization.

Herbert Hovenkamp is the James G. Dinan University Professor, Univ. of Pennsylvania School of Law and the Wharton School. He is the author (with the late Phillip E. Areeda and others) of *Antitrust Law* and has written numerous books and articles concerning antitrust policy, including mergers.

James R. Kearl is the A. O. Smoot Professor of Economics and former Associate Academic Vice President at Brigham Young University. He has been a White House Fellow and a Special Assistant to the Secretary of Defense. His research interests deal with the use of economics in antitrust and other legal settings and the analysis of the law and public policy.

Robert H. Lande is Venable Professor of Law at the University of Baltimore School of Law, where he teaches antitrust and other subjects. He has published more than 70 antitrust law articles. These include articles on mergers, monopolization, exclusionary conduct, and vertical restraints.

Marina Lao is the Edward S. Hendrickson Professor of Law at Seton Hall University School of Law. She served as Director of Policy

Planning at the Federal Trade Commission from 2015-2016. She has published on antitrust law and policy.

Margaret C. Levenstein is Research Professor at the Institute for Social Research and the School of Information and Adjunct Professor of Business Economics and Public Policy at the Stephen M. Ross School of Business, University of Michigan. She is the author of numerous econometric studies on competition and collusion, including the role of vertical restraints in supporting collusion.

Phillip R. Malone is a Professor of Law at Stanford Law School and Director of SLS's Juelsgaard Intellectual Property and Innovation Clinic. Previously he was a Clinical Professor of Law at Harvard Law School. From 1984 to 2004 he served as a Trial Attorney and Senior Trial Attorney in the Antitrust Division of the United States Department of Justice. His teaching has focused in part on the intersection of antitrust, technology and innovation in high-tech and digital markets.

A. Douglas Melamed is Professor of the Practice of Law at Stanford University. He served as Acting Assistant Attorney General in charge of the Antitrust Division of the U.S. Department of Justice and, before that, as Principal Deputy Assistant Attorney General, from 1996 to 2001. He

is a co-author of an antitrust casebook and has published widely on antitrust law and policy.

Nathan H. Miller is an Associate Professor of Economics and Strategy at the Georgetown University McDonough School of Business. His research on antitrust economics has appeared in numerous academic journals. He previously served as an economist at the Antitrust Division of the U.S. Department of Justice.

Barry Nalebuff is the Milton Steinbach Professor at Yale School of Management where he has taught for thirty years. Professor Nalebuff is an expert in the application of game theory to business strategy and negotiation and has numerous article and books on these topics. He also has published several articles on exclusionary vertical restraints. Professor Nalebuff also was the cofounder of Honest Tea.

Roger G. Noll is Professor Emeritus of Economics at Stanford University. His published research includes several books and articles on the economics of antitrust, broadcasting and telecommunications.

Fiona M. Scott Morton is the Theodore Nierenberg Professor of Economics at the Yale School of Management. Her research and publications are in the area of empirical competition economics with a focus on pricing

and exclusionary conduct. She served as Deputy Assistant Attorney General for Economic Analysis at the US Department of Justice from 2011 to 2012.

David Sibley is the John Michael Stuart Centennial Professor of Economics University of Texas at Austin. He was formerly Chief Economist, Antitrust Division, US Department of Justice. Professor Sibley has carried out extensive research in the areas of industrial organization, microeconomic theory, and regulation. His publications have appeared in a number of leading economic journals.

Joseph E. Stiglitz is University Professor at Columbia University, where he teaches in the Economics Department and Business School. Professor Stiglitz was the recipient of the Nobel Memorial Prize in Economic Sciences in 2001 and the John Bates Clark Medal winner in 1979. He was chairman of the Council of Economic Advisers, where he coordinated antitrust policy with the Justice Department and its effects on the economy. He also was senior vice president and chief economist of the World Bank. Known for his pioneering work on asymmetric information, Professor Stiglitz has written seminal articles and books across virtually every field of economics, including industrial organization.

Valerie Y. Suslow is Professor and Vice Dean for Faculty & Research at the Johns Hopkins Carey Business School. She has authored numerous articles on the economics of price fixing and cartel operations, with a focus on the determinants of cartel stability, as well as studies on the intersection of international cartel operations and antitrust policy.

Michael D. Whinston is the Sloan Fellows Professor of Management and Professor of Economics at the Massachusetts Institute of Technology. He has written extensively on issues in antitrust, including horizontal and vertical mergers, exclusive dealing, tying, and collusion. He is also co-author of a leading graduate textbook on microeconomic theory.

Lawrence J. White is the Robert Kavesh Professor of Economics at the Stern School of Business, New York University. He was the Chief Economist of the Antitrust Division of the U.S. Department of Justice, 1982-83; a Senior Staff Economist on the President's Council of Economic Advisers, 1978-79; and a Board Member on the Federal Home Loan Bank Board, 1986-89. He is the General Editor of the Review of Industrial Organization and is the co-editor of a series of seven books that involve economists' participations in major antitrust cases. He has written widely on antitrust, regulation, and other microeconomics topics.

Abraham L. Wickelgren, the Bernard J. Ward Professor of Law at the University of Texas at Austin School of Law. He earned his JD and Ph.D. in economics from Harvard. He is a former staff economist at the Federal Trade Commission and is the former editor of the American Law and Economics Review. Professor Wickelgren has published numerous scholarly articles on law and economics and antitrust.

Ralph A. Winter is a Professor of Business Economics and Public Policy in the Sauder School of Business at the University of British Columbia. He has published widely in antitrust economics, especially in the areas of vertical restraints and exclusionary conduct and has provided economic expertise in numerous antitrust cases.

# CERTIFICATE OF SERVICE

I hereby certify that, on November 23, 2018, I caused a copy of this motion to be served on all parties via the Court's CM/ECF filing system. Counsel for all parties are registered users of that system.

Respectfully,

/s/Eric F. Citron
Eric F. Citron